IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | 4:15CV3034 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TRI-CON INDUSTRY, U-STOP | ) | |
| CONVENIENT STORE, and | ) | |
| LINCOLN POLICE DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Beatrice Hudson filed her Complaint (Filing No. 1) on March 25, 2015. This court has given Hudson leave to proceed *in forma pauperis* in this case. The court now conducts an initial review of Hudson's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Hudson described a series of events that occurred between November of 2014 and March of 2015. (Filing No. 1 at CM/ECF p. 2.) It is not apparent from her allegations how or whether the described events are related.

Hudson alleged she was hired by Tri-Con Industry ("Tri-Con") in November of 2014, but her employment was later terminated after she filed a complaint with the "State Capital, Attorney General" that "outlin[ed] Tri-Con [] and the such, etc." (Filing No. 1 at CM/ECF p. 3.) Hudson also alleged that, on November 26, 2014, she was subjected to slander, libel, and verbal abuse at a U-Stop and that, on this same date, U-Stop and the Lincoln Police Department conspired to violate her civil rights. (*Id.* at CM/ECF p. 2.) Finally, Hudson set forth that she has a state court case currently pending against Tri-Con, U-Stop, and the Lincoln Police Department (the

same defendants present in this case). Hudson alleged Tri-Con, U-Stop, and the Lincoln Police Department have failed to "acknowledge the case." (*Id.* at CM/ECF p. 6.) For relief, Hudson seeks "justice in this court" and "in state court." (*Id.* at CM/ECF p. 10.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court reviews *in forma pauperis* complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION OF CLAIMS

### A.  Retaliation

Liberally construed, Hudson raised a retaliation claim against Tri-Con.  She alleged Tri-Con terminated her employment after she filed a complaint with the "State Capital, Attorney General."  (Filing No. 1 at CM/ECF p. 3.)  To establish a prima facie case of retaliation in violation of Title VII of the Civil Rights Act of 1964, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal nexus exists between the protected conduct and the adverse action.  *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1020-21 (8th Cir. 2011).

Even liberally read, the complaint fails to plead any facts linking the termination of Hudson's employment to the complaint she filed with the "State Capital, Attorney General."  Indeed, it is entirely unclear why Hudson filed this action against Tri-Con.  Therefore, Hudson has not stated a retaliation claim against Tri-Con upon which relief may be granted.  On the court's own motion, the court will give Hudson an opportunity to file an amended complaint.

### B.  Conspiracy

Hudson alleged U-Stop and the Lincoln Police Department conspired to violate her constitutional rights.  To state a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must allege: (1) that the defendant conspired with others to deprive her of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff.  See *White v. McKinley*, 519 F.3d 806, 814 (2008). The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.  *Id.*

Hudson alleged U-Stop and the Lincoln Police Department conspired to violate her civil rights on November 26, 2014, which is the day she was allegedly subjected to slander, libel, and verbal abuse at a U-Stop. But she did not explain how U-Stop employees or police officials were involved in any incident that occurred at U-Stop on November 26, 2014, or how they conspired to violate her rights. In short, Hudson has not stated a plausible conspiracy claim against U-Stop and the Lincoln Police Department. On the court's own motion, the court will give Hudson an opportunity to file an amended complaint.

C.  **Other Claims**

To the extent Hudson intended to raise any other claims for relief in the complaint, she must so clearly specify in an amended complaint. On the court's own motion, Hudson will be given 30 days to file an amended complaint that sufficiently describes her claims against Defendants. Hudson should be mindful to explain what Defendants did to her, when they did it, how their actions harmed her, and what specific legal rights Hudson believes they violated. If Hudson fails to file an amended complaint in accordance with this order, the court will dismiss this action without further notice. Accordingly,

IT IS THEREFORE ORDERED that:

1.  Hudson will have 30 days to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this order. If Hudson fails to file an amended complaint, the court will dismiss this action without further notice.

2.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 5, 2015: check for amended complaint.

4

3.	The court reserves the right to conduct further review of Hudson's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this order.

DATED this 6th day of July, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.