IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | 8:15CV258 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OASIS STAFFING, and TRI-CON INDUSTRIES, | ) | |
| | ) | |
| Defendants. | ) | |
| BEATRICE HUDSON, | ) | 8:15CV3034 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TRI-CON INDUSTRY, U-STOP CONVENIENT STORE, LINCOLN POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Beatrice Hudson's Complaint filed in Case Number 8:15-cv-00258-JMG-PRSE (Filing No. 1). Upon review of Hudson's Complaint, the court finds that both of the above-captioned cases should be dismissed for the reasons set forth below.

## I. BACKGROUND

Hudson filed a Complaint in Case Number 4:15-cv-3034-JMG-PRSE (Filing No. 1) on March 25, 2015, against Tri-Con Industry, U-Stop Convenient Store, and the Lincoln Police Department. The court conducted a pre-service screening of Hudson's Complaint on July 6, 2015 (Filing No. 6). The court noted Hudson had

described a series of events that occurred between November of 2014 and March of 2015, but it was not apparent from her allegations how any of the events described were related. The court could discern from Hudson's allegations that she was employed by Tri-Con Industry ("Tri-Con"), but her employment was terminated following an incident that occurred at a U-Stop convenience store. The court could also discern from her allegations that Hudson believed her termination was somehow retaliatory or racially motivated, but she alleged no facts to support such a claim. On the court's own motion, the court gave Hudson 30 days in which to file an amended complaint.

Rather than file an amended complaint, Hudson filed a new case, this time naming Tri-Con as a defendant and also Oasis Staffing, which is the employment agency that placed her with Tri-Con. (*See* Case Number 8:15-cv-00258-JMG-PRSE, Filing No. 1.) Hudson again described being hired by Tri-Con and later terminated following an incident that occurred at a U-Stop convenience store. In addition, Hudson alleged, in conclusory fashion, that: (1) Oasis Staffing dismissed her as a client because she filed a lawsuit, a complaint with the Nebraska Equal Opportunity Commission, a complaint with the Nebraska Attorney General, and the Lincoln Police Department, (2) an Asian supervisor at Tri-Con subjected her to "disparate treatment," and (3) Tri-Con fired her in retaliation for the complaints she made about U-Stop and the Lincoln Police Department. (*See* generally Filing No. 1 at CM/ECF pp. 1-8.)

## II. DISCUSSION

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the

elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

Here, Hudson made only conclusory allegations of discrimination and retaliation. She did provide any facts to support her claims that Oasis Staffing dismissed her as a client because she filed lawsuits and complaints, that an Asian supervisor at Tri-Con subjected her to "disparate treatment," or that Tri-Con fired her in retaliation for the complaints she made about U-Stop and the Lincoln Police Department. Even when liberally construed, her Complaints do not contain any plausible claims for relief. Therefore, the court will dismiss both Case Numbers 4:15-cv-03034-JMG-PRSE and 8:15-cv-00258-JMG-PRSE for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that: Case Numbers 4:15-cv-03034-JMG-PRSE and 8:15-cv-00258-JMG-PRSE are dismissed without prejudice. The court will enter separate judgments in accordance with these memoranda and orders.

DATED this 23rd day of September, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.